(June 28, 1988)

■ In the Matter of JOHN Q. LE CAIN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent was admitted in this department in 1974 and maintained an office for the practice of law in Saratoga Springs.

By petition filed in July 1987, petitioner Committee on Professional Standards commenced a disciplinary proceeding against respondent alleging misconduct in connection with his representation of a client by the name of Horn. One of the charges against respondent was that he prepared and exhibited to Horn false affidavits of service reflecting service of papers on four defendants in an action purportedly commenced by him on Horn's behalf.

Respondent's answer admitted the charges but contained a plea in mitigation. Petitioner thereafter moved for an order pursuant to section 806.5 of the court's rules (22 NYCRR

806.5) declaring that no factual issues were presented and fixing a time at which respondent could be heard in mitigation or otherwise.

In August 1987, respondent was indicted by a Saratoga County Grand Jury for forgery, second degree, as a result of his preparation of the false affidavits of service in the Horn matter. Respondent was also indicted for other crimes, including grand larceny, second degree, and criminal possession of a forged instrument, second degree.

On May 17 of this year, respondent entered a plea of guilty to two counts of forgery, second degree, a class D felony (Penal Law § 170.10), and one count of criminal possession of a forged instrument, second degree, also a class D felony (Penal Law § 170.25). He was sentenced to five years' probation, a $1,000 fine and 500 hours of community service.

Respondent ceased to be an attorney and counselor-at-law upon his felony conviction (Judiciary Law § 90 [4] [a]). Petitioner's instant motion to strike respondent's name from the roll of attorneys, is, accordingly, granted (Judiciary Law § 90 [4] [b]).

Motion granted and respondent's name stricken from the roll of attorneys, effective immediately; the petition of charges filed July 16, 1987 and petitioner's motion pursuant to section 806.5 of this court's rules are dismissed as moot. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.